DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:      631.287.5520
Fax:      631.283.4735
e-Mail:   DavidLopezEsq@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**DEBORAH DONOGHUE,**

    **Plaintiff,**

- against -

**ZIVO BIOSCIENCE, INC.,**

    **Nominal Defendant,**

-and –

**HEP INVESTMENTS LLC,**

    **Defendant.**

**COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 USC 78p(b)**

**Jury Trial Demanded**

---

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to paragraph 2 which Plaintiff alleges on personal knowledge.

**JURISDICTION:**

1.   This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b),

1

and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. Section 78aa.

**THE PARTIES AND VENUE:**

2. Plaintiff is a security owner of ZIVO BIOSCIENCE, INC., a Nevada Corporation with principal offices at 2804 Orchard Lake Road, Suite 202, Keego Harbor, Michigan 48302.

3. At all times relevant the common stock of ZIVO BIOSCIENCE, INC. was registered under Section 12(g) of the Act and was and is traded on the OTCQB Stock Market LLC through market makers located within this district. One or more of the purchases or sales to be described took place within the district.

4. This action is brought in the right and for the benefit of ZIVO BIOSCIENCE, INC. which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant HEP INVESTMENTS LLC was and is an insider of ZIVO BIOSCIENCE, INC., to wit: a beneficial owner of more than 10% of a class of equity security - common stock - and thereby a fiduciary.

6. HEP INVESTMENTS LLC is a Michigan limited liability company and maintains a principal place of business or is found at 2804 Orchard Lake Road, Suite 205, Keego Harbor, Michigan 48302.

## STATUTORY REQUISITES:

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8. Demand for prosecution was made on ZIVO BIOSCIENCE, INC. on May 1, 2015, via e-mail and first class postal mail.

9. More than sixty days have expired since the making of demand and no recovery has been effected.

10. Further delay in the filing of suit would be a futile gesture.

11. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

## FIRST CLAIM FOR RELIEF:

12. HEP INVESTMENTS LLC purchased or is deemed to have purchased the following quantities of common stock of ZIVO BIOSCIENCE, INC. on the following dates through the acquisition of convertible debt and/or warrants and/or outright purchase:

        09/19/2014                    166,667

| | |
|---|---:|
| 09/19/2014 | 1,666,667 |
| 12/08/2014 | 84,700 |
| 12/08/2014 | 847,000 |
| 02/27/2015 | 227,500 |
| 02/27/2015 | 2,275,000 |
| 03/27/2015 | 135,000 |
| 03/27/2015 | 1,350,000 |
| 04/15/2015 | 155,000 |
| 04/15/2015 | 1,550,000 |
| 04/17/2015 | 62,800 |
| 04/17/2015 | 628,000 |
| 04/28/2015 | 7,774,165 |
| 04/28/2015 | 299,400 |

13.     Within periods of less than six months of each such purchase HEP INVESTMENTS LLC sold participation interests in such warrants, convetible debt or shares at higher prices.

14.     HEP INVESTMENTS LLC has failed to report such sales in its filings with the Securities & Exchange Commission on Forms 4 and/or Schedules 13D making it impossible for Plaintiff to enumerate them without conducting discovery.

15.     The foregoing purchases and sales may be matched against one another using the "lowest-in, highest-out" method to determine profits recoverable

from HEP INVESTMENTS LLC. The amounts of such profits are unknown to Plaintiff prior to the conduct of discovery.

16. By reason of such purchases and sales of its equity securities within periods of less than six months of one another while an insider and fiduciary of ZIVO BIOSCIENCE, INC., HEP INVESTMENTS LLC realized profits which inure to the benefit, and are recoverable by Plaintiff on behalf, of ZIVO BIOSCIENCE, INC.

**WHEREFORE**, Plaintiff demands judgment:

a) Requiring HEP INVESTMENTS LLC to account for and to pay over to ZIVO BIOSCIENCE, INC. the short-swing profits realized and retained by the former in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         July 14, 2015

Yours, etc.

_____
David Lopez, Esq.
*Attorney for Plaintiff*