DAVID LOPEZ, ESQ. (DL-6779)
171 Edge of Woods Road, P.O. Box 323
Southampton, New York 11969-0323
Tel:    631.287.5520
Fax:   631.283.4735
Email: DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Avenue 2A
New York, NY 10075
Tel:    323.790.4881
Email: miriamtauberlaw@gmail.com

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE,<br><br>　　　　　　Plaintiff,<br>　　　v.<br><br>ZIVO BIOSCIENCE, INC.,<br>,<br>　　　　　　Nominal Defendant,<br><br>　　　　　　and<br><br>HEP INVESTMENTS LLC,<br><br>　　　　　　Defendant. | No. 1:15-cv-05618-PAC<br><br>ECF Case<br><br>**AMENDED COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DEBORAH DONOGHUE, by David Lopez, Esq., her attorney. complaining of the Defendants, respectfully alleges the following upon information and belief, except as to Paragraph 2, which Plaintiff alleges on personal knowledge.

### JURISDICTION:

1.　　　This action arises under the provisions of Section l6(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b) and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. § 78aa.

## THE PARTIES AND VENUE

2. Plaintiff is a security owner of Nominal Defendant ZIVO BIOSCIENCE, INC. ("Zivo," or the "Company") (f/k/a Health Enhancement Products, Inc.), a Nevada Corporation with principal offices at 2804 Orchard Lake Road, Suite 202, Keego Harbor, Michigan 48302.

3. At all times relevant, Zivo common stock was registered under Section 12(g) of the Act and was and is traded on the OTCQB Stock Market through market makers located within this district. One or more of the purchases or sa1es to be described took place within the District.

4. This action is brought in the right and for the benefit of Zivo, which is named as a party defendant solely in order to have all necessary parties before the Court.

5. At all times relevant Defendant HEP INVESTMENTS LLC ("HEP") was and is an insider of Zivo to wit: a beneficial owner of more than 10% of a class of equity security, or a member of a 10% ownership "group"—and thereby a fiduciary.

6. HEP is a Michigan limited liability company and maintains a principal place of business or is found at 2804 Orchard Lake Road, Suite 205, Keego Harbor, Michigan 48302.

## STATUTORY REQUISITES

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8. Demand for prosecution was made on Zivo on May 1, 2015, via email and first class postal mail.

9. More than 60 days have expired since the making of demand and no recovery has been effected.

10. Further delay in the filing of suit would be a futile gesture.

11. This action was brought, or Defendants were otherwise notified of Plaintiff's claims set forth in this Amended Complaint, within two years of the occurrence of the violations arising from the transactions described herein, or within two years of the time when reports required by 15 U.S.C. 78 §p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

## FACTUAL ALLEGATIONS

12. On December 1, 2011, HEP and the Company entered into a Loan Agreement and a Senior Secured Convertible Promissory Note (the "Note," and, together with the Loan Agreement, the "Loan"), under which HEP agreed to lend up to $2 million to Zivo upon Zivo's request. Funds provided by HEP under the Loan were convertible in increments—or "tranches"—of $250,000, to shares of Zivo common stock at a fixed conversion rate of $0.12 per share. The Loan was to be repaid in full, and the associated conversion rights associated with funded tranches under the Note would expire, by December 1, 2013.

13. The Loan documents were subsequently amended several times to increase the amount of the Loan committed by HEP, and extend the repayment date for outstanding Loan tranches funded by HEP, along with the expiration date for the associated conversion rights acquired by HEP through funding the Loan. The original fixed conversion rate of $0.12 per share, provided with respect to initial tranches funded by HEP, was also modified for subsequent tranches.

14. As of the date of this Amended Complaint, the Loan remains outstanding, and the repayment date and expiration date of HEP's conversion rights associated with funded Loan

tranches have been extended on a "rolling" basis. The Seventh and most recent Loan amendment, executed on December 31, 2015, increased the maximum Loan amount to $12.5 million.

15. Tranches of the Loan were funded by HEP, with concomitant activation of the conversion rights associated with the funded tranches, in the amounts and on the dates set forth in a table produced by HEP as Exhibit 1 to its Schedule 13D filed with the SEC on May 1, 2015, and reproduced below.

| Date Invested | Tranche # | Amount | Due Date | Conversion Rate | Interest Rate | Warrant Coverage ("cashless") |
|---|---|---|---|---|---|---|
| December 1, 2011 | 1 | $ 500,000 | June 1, 2015 | $ 0.12 | 11% | 10% |
| April 4, 2012 | 2 | 250,000 | June 1, 2015 | 0.12 | 11% | 10% |
| May 8, 2012 | 3 | 250,000 | June 1, 2015 | 0.12 | 11% | 10% |
| March 18, 2013 | 4 | 500,000 | June 1, 2015 | 0.12 | 11% | 10% |
| April 10, 2013 | 5 | 250,000 | June 1, 2015 | 0.12 | 11% | 10% |
| April 16, 2013 | 6 | 250,000 | June 1, 2015 | 0.12 | 11% | 10% |
| April 29, 2013 | 7 | 250,000 | June 1, 2015 | 0.12 | 11% | 10% |
| May 7, 2013 | 8 | 250,000 | June 1, 2015 | 0.12 | 11% | 10% |
| July 15, 2013 | 9A | 160,000 | July 15, 2015 | 0.12 | 11% | 10% |
| July 15, 2013 | 9B | 90,000 | July 15, 2015 | 0.22 | 11% | 10% |
| July 25, 2013 | 10 | 250,000 | July 25, 2015 | 0.22 | 11% | 10% |
| September 30, 2013 | 11 | 300,000 | September 30, 2015 | 0.22 | 11% | 10% |
| October 28, 2013 | 12 | 250,000 | October 28, 2015 | 0.30 | 11% | 10% |
| December 30, 2013 | 13 | 500,000 | December 30, 2015 | 0.30 | 11% | 10% |
| July 14, 2014 | 14 | 1,035,000 | July 14, 2016 | 0.15 | 11% | 10% |
| September 19, 2014 | 15 | 250,000 | September 19, 2016 | 0.15 | 11% | 10% |
| December 8, 2014 | 16 | 84,700 | December 8, 2016 | 0.10 | 11% | 10% |
| February 27, 2015 | 17 | 227,500 | February 27, 2017 | 0.10 | 11% | 10% |
| March 27, 2015 | 18 | 135,000 | March 27, 2017 | 0.10 | 11% | 10% |
| April 15, 2015 | 19 | 155,000 | April 15, 2017 | 0.10 | 11% | 10% |
| April 17, 2015 | 19 | 62,800 | April 17, 2017 | 0.10 | 11% | 10% |
| Total | | $ 6,000,000 | | | | |

Note: By mutual understanding, Lender agrees to "roll" Tranches due for a rolling 30 day period until Lender gives Borrower notice to the contrary at any time for any reason, upon which any Tranche past its Due Date will be immediately due and payable.

16. For purposes of Section 16(b), HEP's acquisition of fixed conversion rights to purchase shares of the Company's stock upon the funding of Loan tranches constitutes a derivative security. On the dates of funding, HEP is further deemed to have purchased the

number shares of Zivo common stock into which the tranche funded could be converted at HEP's election at a fixed conversion rate.

17. To the extent that the conversion rate applicable to a particular tranche was not fixed as of the date of funding, HEP is deemed to acquire a derivative security—and to purchase the shares underlying the conversion rights for purposes of Section 16(b)—on the date on which the applicable conversion for the funded trance rate is subsequently fixed.

18. Certain transactions amending the Loan—including the First Amendment executed on April 15, 2013, the amendments agreed to in December 2013 and March 2014, and the Fourth Amendment executed on July 14, 2014—extended the repayment dates for previously funded Loan tranches, and likewise extended the expiration date of the conversion rights held by HEP in connection with the extended tranches. The extension of the expiration of a derivative security, such as the conversion rights held by HEP, is considered a material amendment to the terms of that security under Section 16(b) and applicable SEC Rules.

19. For purposes of Section 16(b), a material amendment to HEP's conversion rights—including some or all of the extensions referred to in Paragraph 18—is treated as the simultaneous disposition by HEP of existing conversion rights, and its re-acquisition of conversion rights with extended (or otherwise amended) terms. The deemed disposition and re-acquisition further constitutes a simultaneous Section 16(b) sale and purchase of the shares of Zivo common stock underlying the conversion rights amended. Both the sale and the purchase component of the amendment may give rise to Section 16(b) liability if matched with other transactions by HEP in Zivo securities under the statute within six months.

20. The original Loan Agreement provided for warrants to purchase an additional 1,666,6667 shares of Zivo common stock to be issued to HEP upon its full funding of the

original Loan amount of $2 million. The number of shares covered by this additional warrant is equivalent to 10% of the total number of shares into which all tranches of the original Loan could be converted at the $0.12 conversion rate provided for the initially funded Loan tranches.

21.     In connection with the First Amendment to the Loan on April 15, 2013, Zivo waived the $2 million full funding condition to the issuance of the additional 10% warrant under the original Loan terms. For purposes of Section 16(b), HEP acquired this additional 10% warrant—and is deemed to purchase the shares underlying the warrant—when the condition to its issuance was removed on the date of the First Amendment, and HEP's right to purchase the warrant shares was established. HEP is likewise deemed to purchase the shares covered by any similar 10% warrants under subsequent Loan amendments on the dates when the warrants were actually issued or otherwise unconditionally owed to HEP.

22.     The Loan and subsequent amendments provided for additional shares of Zivo stock to be issued to HEP as compensation or reimbursement for certain costs and expenses incurred in connection with the Loan. Any additional shares to be provided under the Loan are deemed purchased by HEP, for purposes of Section 16(b), on the dates when the shares were actually issued or otherwise unconditionally owed to HEP.

23.     In addition to the funded Loan tranches listed in the table reproduced at Paragraph 15, above, HEP funded additional Loan tranches between April 17, 2015 and the present, and/or made additional loans to the Company in that time period, pursuant to which HEP acquired additional derivative securities in the form of fixed conversion rights with respect to amounts loaned. Since April 2015, HEP has loaned an additional $2.6 million to Zivo, and has acquired conversion rights covering an additional 17.9 million shares of the Company's stock.

24. The precise dates on which these subsequent loans were made or tranches funded and the terms of the fixed conversion rights acquired by HEP—constituting purchases by HEP of the Zivo shares underlying the conversion rights acquired for purposes of Section 16(b)—have not been fully disclosed, and are unknown to Plaintiff at the time of this Amended Complaint. Plaintiff intends to seek discovery regarding the dates and amounts of the additional shares or conversion rights acquired by HEP to evaluate whether these transactions may give rise to additional Section 16(b) liability.

25. Within six months of some or all of the transactions alleged in this Amended Complaint, HEP sold interests in unspecified portions of its proceeds from the Loan, including the conversion rights acquired in connection with funded tranches and any rights provided under additional 10% warrants, to an undisclosed number of Loan "Participants" through a series of Subordinated Participation Agreements or similar transactions.

26. The only Loan Participant that has been publicly identified is Christopher Maggiore, who is one of the Company's significant shareholders and its former Chief Financial Officer. Zivo has provided certain information to Plaintiff in response to the original Complaint filed in this action, which reflects that HEP's Participation Agreement with Christopher Maggiore was executed in or around March 2013 and involved the sale by HEP of Loan participation interests equivalent to 35% of the proceeds and conversion rights provided under the Loan. The entry by HEP into this Participation Agreement constitutes a disposition of 35% of the conversion rights acquired by HEP under the Loan—and a Section 16(b) sale of the shares of common stock underlying the rights provided to Maggiore—as of the date of the Participation Agreement.

27. Plaintiff has requested but HEP has not provided information concerning the additional Participation Agreements referenced in HEP's SEC filings or similar arrangements whereby HEP may be deemed to have sold portions of its conversion rights under the Loan or other Zivo securities. Plaintiff intends to seek discovery relating to the dates and terms of these agreements to evaluate whether they may give rise to Section 16(b) liability.

## COUNT I
### (Profits Recoverable Under Section 16(b) of the Securities Exchange Act)

28. The transactions constituting purchases and sales by HEP of Zivo securities under Section 16(b), as described in Paragraphs 12-27, maybe be matched against one another using the "lowest-in, highest-out" method prescribed under the statute and applicable SEC Rules.

29. Under applicable SEC Rules, maximum short swing profits realized by HEP from acquisitions and dispositions of conversion rights with different terms (including the deemed purchases and sales of amended conversion rights, as described in Paragraph 19), or from acquisitions and dispositions of other derivative securities within six months of any purchases or sales of common stock, may be calculated by reference to the price at which the underlying Zivo common stock traded in the market on the dates of the matched transactions. Under this method, the market price of the underlying stock on the dates of matched Section 16(b) purchases and sales is used as the effective purchase and sale price of the shares purchased and sold.

30. The amount of short swing profits realized by HEP in connection with transactions alleged in this Amended Complaint are unknown to Plaintiffs and cannot be precisely computed absent discovery as to relevant facts; in particular, the dates on which some of the transactions (including the Participation Agreement transactions described in Paragraphs 25-27) occurred or were deemed to occur under Section 16(b) and the number of Zivo shares

involved, and the materiality of any amendments to HEP's conversion rights (including pursuant to the Loan amendments described in Paragraph 19).

## COUNT II

31. Defendant has failed to disclose the date on which it became the owner of more than 10% of Company securities and subject to Section 16(b) of the Act, and has failed to fully report all of its transactions in Company securities since that date, in the manner required under Section 16(a). Count II is therefore included as a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

32. Defendant, acting during periods not barred by the statute of limitations measured from the date of the filing of this Amended Complaint (or the date on which HEP was otherwise notified of potential Section 16(b) liability associated with particular transactions), purchased and sold, or sold and purchased, equity securities or equity security equivalents of the Company within periods of less than six months of each other while a more-than-10% beneficial owner of the Company, including but not limited to the transactions pleaded in COUNT I.

33. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while insiders of the Company, Defendants realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by Plaintiff on behalf, of the Company.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

**PRAYER FOR RELIEF**

   **WHEREFORE**, Plaintiff demands judgment:

(a)  Requiring HEP to account for and pay over to Zivo the short swing profits realized and retained HEP in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

(b)  Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c)  Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
   May 13, 2016

         *s/ Miriam Tauber*
         _____
         Miriam Tauber (MT-1979)
         MIRIAM TAUBER LAW PLLC
         885 Park Avenue 2A
         New York, NY 10075
         Telephone: (323) 790-4881
         Email: MiriamTauberLaw@gmail.com

         *Attorney for Plaintiff Deborah Donoghue*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2016, I caused a copy of this Amended Complaint to be served on counsel for Defendant HEP Investments, LLC by filing it with the Court's Electronic Case Filing system; and on Nominal Defendant Zivo Bioscience, Inc., by mailing a copy of the Amended Complaint to its corporate headquarters at: 2804 Orchard Lake Road, Suite 202, Keego Harbor, Michigan 48302.

Dated: May 13, 2016
       New York, NY

*s/ Miriam Tauber*
_____
Miriam Tauber