JOINT INITIAL CONFERENCE LETTER

July 25, 2016

**Filed via ECF**
Hon. Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

Re:   Donoghue v. HEP Investments, LLC, No. 1:15-cv-05618-PAC

Your Honor:

This is a joint letter of counsel to the parties, as directed in Your Honor's Order And Notice of Initial Conference (Docket No. 25), the conference to be held on July 27, 2016, at 11:00 AM. Based upon the parties' Rule 26(f) conference (and the informal discovery exchanged to date) and this Your Honor's Text Order (Docket No. 22), on May 13, 2016, Plaintiff filed an Amended Complaint and, on May 27, 2016, Defendant filed an Answer to the Amended Complaint. Based upon these facts and circumstances, the parties' proposed deadlines account for these intervening matters.

1. **The names, addresses (including firm names), e-mail addresses, telephone, and fax numbers of trial counsel.**

**For Plaintiff Deborah Donoghue:**

David Lopez, Esq.
171 Edge of Woods Road, PO Box 323
Southampton, NY 11969
Tel: (631) 287-5520
Fax: (631) 283-4735
DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
885 Park Ave 2A
New York, NY 10075
Tel: (323) 790-4881
Fax: (212) 396-9074
MiriamTauberLaw@gmail.com

**For Defendant HEP Investments, LLC:**

Mark L. Kowalsky (P35573)
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000

Michael H. Gibson (MG-2952)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, Suite 1130
New York, NY 10169
(212) 818-9200

**Nominal Defendant Zivo Bioscience** has not appeared in this case and does not participate in the preparation and filing of this Joint Letter.

2. **A brief description of the case,
   including the factual and legal bases for the claim(s) and defense(s).**

**Plaintiff's position:**

This is a shareholder suit to recover short-swing profits under Section 16(b) of the Securities Exchange Act of 1934, as amended, realized by HEP Investments, LLC, a 10% beneficial owner of Zivo Bioscience, Inc., the recovery to be for the benefit of Zivo. Plaintiff's claim arises from HEP's acquisition of conversion rights, shares of common stock, and warrants to purchase shares of common stock of Zivo in connection with, and under the terms of, successive loan transactions and amendments thereto; and from HEP's sale, within six months of any purchase, of "participation interests" in the loans and corresponding conversions rights, shares, and warrants.

The dates of purchases and sales and number of shares purchased and sold under Section 16(b) were incompletely and/or inconsistently reported by HEP and Zivo in their SEC filings, and were not reported at all by the various loan "participants." The amount of HEP's liability and the potential recovery by Zivo under Section 16 therefore cannot be calculate absent discovery. The bases for the defenses asserted in HEP's answer are unclear to Plaintiff at this time.

**Defendant's position:**

HEP Investments, LLC ("HEP) did not violate Section 16(b) of the Securities Exchange Act of 1934.  HEP advanced certain funds evidenced by several loan agreements.  There were participants to several of these loans who received an interest in the applicable loan agreement.  These transactions do not constitute Section 16(b) violations.  Even if there was a violation of Section 16(b) (which there was not), there are no damages as these were not profits as defined in the Act.

2

3. **A brief statement by plaintiff as to the basis of subject-matter jurisdiction and a brief statement by each other party as to the presence or absence of subject-matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

**Plaintiff's position:**

Subject matter jurisdiction is pleaded at Paragraph 1 of the Complaint and relies on Section 27 of the Act, 15 U.S.C § 78aa. This action arises directly under a federal statute, Section 16(b), which provides Plaintiff as a shareholder of Zivo with the right to file suit to recover short swing profits realized by insiders when the Company fails to do so.

**Defendant's position:**

Defendant does not contest subject matter jurisdiction.

4. **A brief summary by each party of the claim(s) and defense(s) that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.**

**Plaintiff's position:**

The only claim Plaintiff asserts in this action is one for recovery of "short swing" profits realized by HEP and recoverable by Zivo under Section 16(b). The exact dates of the transactions giving rise to Section 16(b) liability, and the number of shares purchased and sold and amount of recoverable profit under the statute, are unknown to Plaintiff at this time, and will be sought in discovery.

**Defendant's position:**

The only claim Plaintiff asserts in this action is one for recovery of "short swing" profits realized by HEP and recoverable by Zivo under Section 16(b).  At issue will be the applicability of Section 16(b) to the transactions at issue and the exact nature and exact dates of the transactions giving rise to the alleged Section 16(b) liability.

5. **Any contemplated motions.**

**Plaintiff's position:**

Plaintiff may seek to add additional defendants if it appears other insiders may be liable under Section 16(b) as a result of their participation in the loan transactions that form the basis for Plaintiff's claim.

**Defendant's position:**

After discovery, HEP may file a dispositive motion.

6. **A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

**Plaintiff's position:**

This case is to be tried with a jury. Plaintiff anticipates that no more than 2 trial days will be needed.

**Defendant's position:**

The parties have requested this case be tried with a jury and anticipate that 2 trial days will be needed.

7. **A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

All parties have not consented to trial by a magistrate judge.

Jointly Respectfully Submitted,

| | |
|---|---|
| s/ Miriam Tauber | s/ Mark L. Kowalsky |
| _____ | _____ |
| Miriam Tauber (MT-1979) | |
| 885 Park Avenue 2A | Mark L. Kowalsky (P35573) |
| New York, NY 10075 | JAFFE, RAITT, HEUER & WEISS, P.C. |
| Tel: (323) 790-4881 | 27777 Franklin Road, Suite 2500 |
| MiriamTauberLaw@gmail.com | Southfield, Michigan 48034 |
| | (248) 351-3000 |
| David Lopez, Esq. | |
| 171 Edge of Woods Road, PO Box 323 | |
| Southampton, NY 11968 | _____ |
| Tel: (631) 287-5520 | Michael H. Gibson (MG-2952) |
| DavidLopezEsq@aol.com | SATTERLEE STEPHENS BURKE & BURKE LLP |
| | 230 Park Avenue, Suite 1130 |
| *Attorneys for Plaintiff* | New York, NY 10169 |
| | *Attorneys for Defendant HEP Investments, LLC* |

4