Crotty, P.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-7-17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH DONOGHUE,

    Plaintiff,

- against -

ZIVO BIOSCIENCE, INC.,

    Nominal Defendant,

and HEP INVESTMENTS, LLC,

    Defendant.

Index No. 15 Civil 5618 (PAC)

## STIPULATION AND ORDER OF SETTLEMENT

By and through their respective attorneys the parties to this action (the "ACTION") the plaintiff, Deborah Donoghue ("PLAINTIFF"), nominal defendant Zivo Bioscience, Inc. ("ZIVO") and defendant HEP Investments, LLC ("HEP") (individually, a "PARTY"; collectively, the "PARTIES"), have entered into this Stipulation And Order of Settlement ("STIPULATION" or "SETTLEMENT"), as directed by the Court.

### RECITALS

**WHEREAS,** plaintiff, Deborah Donoghue ("PLAINTIFF"), a shareholder of ZIVO, brought this action (the "ACTION") pursuant to Section 16(b) of the Securities Exchange Act of 1934, as amended (the "ACT") to recover so-called "short-swing profits" alleged to have been realized by the defendant, HEP, in connection with its putative purchases and sales of ZIVO equity securities and/or derivative securities underlain by ZIVO equity securities;

{Client/083385/1/01282854.DOC;1 }

**WHEREAS,** HEP denies any liability whatsoever and this STIPULATION shall in no event be construed or deemed to be evidence of or an admission or concession on the part of HEP with respect to any fault or liability or wrongdoing or damages whatsoever, or any deficiency in the defenses HEP may have or may assert and HEP specifically denies making any so called "short-swing profits" or any purchase or sale of securities in any form. The PLAINTIFF, ZIVO and HEP wish voluntarily to settle the matter after advice of counsel and negotiation between counsel and mediation by Magistrate Judge James C. Francis, IV;

**WHEREAS,** PLAINTIFF'S theory of liability in the ACTION is based upon HEP's transactions in ZIVO equity securities and derivative securities underlain by ZIVO equity securities occurring between December 1, 2011, and the date upon which the ORDER AND FINAL JUDGMENT is entered by the Court as provided in Paragraph 1 below, inclusive (the "16(b) TRADING PERIOD");

**WHEREAS,** should HEP's denial of liability have merit recoverable damages would be diminished below the recovery here provided or eliminated;

**WHEREAS,** given the risks and uncertainties of the outcome of the ACTION and any subsequent appeal the PLAINTIFF, ZIVO and HEP have concluded that it is in the interest of all parties to settle this ACTION on the terms herein set forth;

**WHEREAS,** PLAINTIFF, through her counsel, has conducted investigations relating to the claims and the underlying events alleged in the Amended Complaint. PLAINTIFF obtained extensive discovery from HEP including trading records and contracts, from public sources and from ZIVO'S files, as a result of which PLAINTIFF

and her counsel have concluded that they are fully informed in entering into the SETTLEMENT;

**WHEREAS,** the parties have engaged in arm's length and fully adversarial negotiations among themselves overseen by Magistrate Judge Francis which culminated in agreement to have HEP pay to ZIVO Two Hundred Eighty Thousand ($280,000) dollars within ten days of the finality of judgment, the mode of payment to be a forgiveness of debt owed to HEP by ZIVO, with documentation acceptable to HEP and ZIVO;

**WHEREAS,** ZIVO has agreed to pay to Plaintiff's counsel legal fees, inclusive of disbursements, as is set forth herein;

**WHEREAS,** the PLAINTFF, ZIVO and HEP and all counsel agree that a settlement of this ACTION on the terms described herein is fair, reasonable, adequate and in the best interests of all concerned;

**WHEREAS,** in evaluating the proposed SETTLEMENT provided for herein, PLAINTIFF and her counsel have considered the benefit being provided to ZIVO and its shareholders, the uncertainties of the outcome of this ACTION, which PLAINTIFF recognizes turn on HEP's putative defenses to Section 16(b) liability; that PLAINTIFF'S theories of liability and damages are contested by HEP; and that because resolution of the claims in this ACTION, wherever, whenever and however determined, likely would be subject to appellate review, there would be additional time until there would be a final adjudication and additional legal fees and expenses which could reduce the ultimate recovery, whether on a litigated judgment if PLAINTIFF were to prevail, or by settlement; and

**WHEREAS**, HEP has agreed to this Stipulation and the settlement provided herein in order to fully and finally settle and dispose of all claims that have been or could have been raised in this ACTION and to avoid the continuing burden, expense, uncertainty, inconvenience and distraction of protracted litigation.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

## SUBMISSION TO THE COURT

1. Within ten days after this STIPULATION has been executed PLAINTIFF shall submit it to the Court as provided in the Order Of Dismissal entered in this matter on January 18, 2017, together with a request supported by all parties for approval of the SETTLEMENT as fair, reasonable, adequate and in the interest of ZIVO and its shareholders, and upon its being "So Ordered" it shall constitute an ORDER AND FINAL JUDGMENT which:

   a) Dismisses the ACTION with prejudice;

   b) Finds that the PLAINTIFF vigorously prosecuted the claims set forth in the Amended Complaint on behalf of ZIVO;

   c) Finds that the terms of the Settlement are fair, reasonable, adequate and in the best interests of ZIVO and its shareholders;

   d) Releases HEP from all claims under Section 16(b) of the Securities Exchange Act of 1934, as amended that were or could have been asserted in the ACTION and bar PLAINTIFF, PLAINTIFF'S counsel, ZIVO and any holder of ZIVO securities

from asserting against HEP any claim that was or could have been brought in this ACTION under Section 16(b) during the 16(b) TRADING PERIOD, but not otherwise.

2. The ORDER AND FINAL JUDGMENT shall become final following its entry either by expiration of the time for appeal or review of such order or, if any appeal is filed and not dismissed, after the order is affirmed on appeal and is no longer subject to review by further appeal or by writ of certiorari or by motion for reconsideration.

## SETTLEMENT CONSIDERATION

3. On or before the tenth business day after the ORDER AND FINAL JUDGMENT approving the Settlement becomes Final, HEP shall deliver to ZIVO a written satisfaction in form acceptable to ZIVO setting off the sum of Two Hundred Eighty Thousand ($280,000) dollars owed by ZIVO to HEP.

## RELEASE OF CLAIMS

4. In consideration of the Settlement Payment, ZIVO and PLAINTIFFS, on behalf of themselves and any and all owners of any security (as defined in Section 3(a)(10) of the ACT) or any other security or instrument, the value of which is derived from the value of any ZIVO equity security or instrument, each release and discharge HEP, its present or former officers, directors, members, employees, agents, attorneys, representatives, advisors and affiliates or associates (as the latter two terms are defined in Rule 12b-2 of the ACT) trustees, parents, principals, subsidiaries, general or limited partners or partnerships, investment advisory clients and brokers, and each of their heirs, executors, administrators, successors and assigns, from any and all liability and damages under or based upon any and all claims, rights, causes of action, suits, matters, demands, transactions and issues, known or unknown, arising out of or relating to the assertions

contained in the Amended Complaint in the ACTION or that could have been asserted in this ACTION (i) by PLAINTIFF on behalf of herself or any other person or entity, (ii) by ZIVO and/or (iii) by any and all owners of any security (as defined in Section 3(a)(10) of the ACT) of ZIVO or any other security or instrument the value of which is derived from the value of any ZIVO equity security, or any of them, whether individually, directly, representatively, derivatively or in any other capacity for all claims existing out of or relating to any violation of Section 16(b) of the ACT and the rules and regulations promulgated under Section 16 relating to trading in ZIVO securities or derivatives and/or other securities or instruments the value of which is derived from the value of any ZIVO equity security, during the SECTION 16(b) TRADING PERIOD regardless of the theory of liability. PLAINTIFF'S counsel covenant not to bring any additional claims arising out of or relating to the assertions contained in the Amended Complaint in this ACTION or that could have been asserted in this ACTION against HEP for trading in ZIVO securities, including, without limitation, options to acquire ZIVO securities or any other derivative security or instrument tied to the value of any ZIVO equity security, during the Section 16(b) TRADING PERIOD, regardless of the theory of liability.

## NO ADMISSIONS

5.  This STIPULATION and all negotiations and papers related to it, and any proceedings in connection with the SETTLEMENT, whether or not the SETTLEMENT becomes Final or is consummated, are not and shall not be construed to be evidence of, or an admission by, any of the parties respecting the validity or invalidity of any of the claims or defenses asserted by HEP as to liability or lack thereof with respect to any such claim or defense or for any damages sought in the ACTION, or of any wrongdoing or

lack of wrongdoing by HEP whatsoever, and shall not be offered in any other action for admission or received as evidence of any such liability or wrongdoing or lack thereof.

## ATTORNEYS' FEES AND EXPENSES

6. ZIVO agrees to pay to PLAINTIFF'S legal fees, inclusive of disbursements, as follows: (a) ZIVO shall make a cash payment to PLAINTIFF'S counsel in the amount of $20,000, within five (5) business days of the Court's approval and order of this STIPULATION; (b) ZIVO shall make four additional cash payments to PLAINTIFF'S counsel, in the amount of $10,000 each, for four consecutive months beginning one month after the $20,000 payment; and (c) ZIVO shall transfer to PLAINTIFF'S counsel 250,000 shares of its common stock, within five (5) business days of the Court's approval and order of this STIPULATION, and shall undertake to remove any restrictions on such stock at the earliest time possible. HEP shall not be responsible for any payment of PLAINTIFF'S legal fees or any payment beyond what is specified in Section 3 of this STIPULATION.

7. PLAINTIFF'S counsel and PLAINTIFF agree and acknowledge that the payment of attorneys' fees and expenses as described in Paragraph 6 is the sole amount to which PLAINTIFF'S counsel are due in connection with the ACTION or this STIPULATION and expressly release and disclaim any right to any additional amount.

## DILIGENT PROSECUTION

8. ZIVO and HEP acknowledge and agree that, as a result of PLAINTIFF'S pursuit of the ACTION and their pursuit and negotiation of this Stipulation, this action has been diligently prosecuted against HEP within the meaning of Section 16(b) of the ACT.

{Client-083385-1/01282854.DOC;1 }

## ENTIRE AGREEMENT

9. This STIPULATION contains the entire agreement between the PLAINTIFF, HEP and ZIVO concerning the subject matter hereof and no party is relying upon any representation, promise or assertion not contained herein

## COUNTERPARTS

10. This STIPULATION may be executed in one or more counterparts, each of which shall be deemed an original of the STIPULATION and all of which, when taken together, shall be deemed to constitute one and the same agreement *provided* that no party shall be bound hereby unless and until all parties shall have executed and delivered this STIPULATION.

## AUTHORITY

11. The individuals signing this STIPULATION represent that they have the authority to execute, to grant the releases herein identified, and to compromise and settle all their claim and defenses, subject to Court supervision.

## AMENDMENT

12. This STIPULATION may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all Parties hereto.

## BEST EFFORTS TO EFFECTUATE

13. The Parties shall use their best efforts to execute such documents and shall take such other reasonable actions as are necessary to effectuate this STIPULATION.

## CONTINUING JURISDICTION

14. The Parties submit to the continuing jurisdiction of this Court for all purposes relating to this ACTION and any disputes over this STIPULATION and its enforcement.

Dated: Southampton, New York
March 3, 2017

_____
David Lopez
171 Edge of Woods Road, PO Box 323
Southampton, New York 11968
Tel: 631.287.5520
Fax: 631.283.4735
DavidLopezEsq@aol.com

*Attorney for Plaintiff*


Dated: New York, New York
March 3, 2017

_____
Miriam Tauber
Miriam Tauber Law
885 Park Avenue, 2A
New York, New York 10073
Tel: 323-790-4881
MiriamTauberLaw@gmail.com

*Attorney for Plaintiff*

_/s/ Richard C. Schoenstein_

Richard C. Schoenstein
Tarter Krinsky & Drogin LLP
1350 Broadway
New York, New York 10018
Tel:   212.216-8000
Fax:   212.216.8001
rschoenstein@tarterkrinsky.com

*Attorney for Defendant HEP*

Dated: Southfield, Michigan
       March 3, 2017

Paul W. Ryan
Serpe Ryan LLP
115 Broadway, 12th Floor
New York, New York 10010
Tel:   212.257-5011
pryan@serperyan.com

*Attorney for Nominal Defendant Zivo Bioscience, Inc.*

SO ORDERED:

_/s/ Paul A. Crotty_

Hon. Paul A. Crotty
**United States District Judge**
March **07**, 2017

Dated: New York, New York
　　　　March 3, 2017

Richard C. Schoenstein
Tarter Krinsky & Drogin LLP
1350 Broadway
New York, New York 10018
Tel:　212.216-8000
Fax:　212.216.8001
rschoenstein@tarterkrinsky.com

*Attorney for Defendant HEP*

Dated: New York, New York
　　　　March 3, 2017

*/s/ Paul W. Ryan*

Paul W. Ryan
Serpe Ryan LLP
1115 Broadway, 12th Floor
New York, New York 10010
Tel:　212.257-5011
pryan@serperyan.com

*Attorney for Nominal Defendant Zivo Bioscience, Inc.*

SO ORDERED:

*/s/ Paul A. Crotty*

Hon. Paul A. Crotty
United States District Judge
March　7　, 2017

　　　　　　　　　　JS